### SHARPLES v. ANGELL.

(Supreme Court, Appellate Division, Third Department. December 12, 1899.)

SALES—BREACH OF WARRANTY—BURDEN OF PROOF.

    In an action on a check given in payment for a cream separator sold to defendant, where defendant pleaded a breach of a guaranty that the separator would do a certain amount of work, the burden was on defendant, after plaintiff proved the execution and delivery of the check, to show that the separator would not do the guarantied amount of work, as the existence of the contract of guaranty and its breach must be established before the sale of the separator as a consideration for the check could be challenged or impaired.

    Herrick, J., dissenting.

Appeal from trial term, Tioga county.

Action by P. M. Sharples against C. Everett Angell. From a judgment for defendant, plaintiff appeals. Reversed.

Argued before PARKER, P. J., and LANDON, HERRICK, PUTNAM, and MERWIN, JJ.

J. T. Gridley, for appellant.
Wallis & Clifford, for respondent.

PARKER, P. J. This action is upon a check drawn by the defendant, payable to the order of the plaintiff, for $200, and which recites as follows: "Being $100.00 in full for money received for sale of two old separators sold for P. M. Sharples, and $100.00 in full for first payment on new separator." The defense set up in the answer, in addition to the general denial, is that such separator was sold with a guaranty that it would skim 2,500 pounds of milk an hour, and below one-tenth of 1 per cent., as shown by the Babcock test; that the separator furnished would not do that work, and that, therefore, defendant had shipped it back to the plaintiff, and stopped the payment of the check. The single question sent to the jury was whether the separator answered that guaranty. If it did, they were instructed that the plaintiff could recover the amount of the check. If it did not, they were instructed that he could recover nothing. The jury were further instructed that the plaintiff must show, by a fair preponderance of evidence, that the separator would answer such guaranty; that the burden of proof was upon him to show that the machine did skim to the test and amount guarantied. To this latter charge the plaintiff excepted, and the question presented here is whether such instruction was erroneous.

The plaintiff proved the execution and delivery of the check, put it in evidence, and rested. The defendant then proved the contract of

the sale of the separator under the guaranty above stated, which was in writing, and that it had been delivered and received under the same. He also gave evidence tending to show that it would not answer such guaranty, and that he had, therefore, returned the same to the plaintiff. To this the plaintiff replied by giving evidence tending to show that it was fully up to the guaranty, and that, although reshipped to him, he had refused to retake it. Upon such an issue I am of the opinion that the defendant, in order to successfully defend against his liability on the check, had the burden of showing that the separator would not answer the guaranty given. It is true that the plaintiff held all through the case the burden of showing a consideration for the check. Prima facie, he had made such proof when he rested his case, and such proof was effectual and ample all through the case, unless the defendant had the right to return the consideration, to wit, the separator, because it would not answer the guaranty. The rule applicable to such a situation is well stated in Perley v. Perley, 144 Mass. 107, 10 N. E. 726, as follows:

"When a party having the burden of proof has given competent prima facie evidence of consideration, and the adverse party seeks to meet it, not by producing proof that would negative this proposition, but by establishing another and distinct proposition, the burden of proving the latter proposition is upon him."

In the case at bar the consideration for the check was the sale and delivery of the separator. This the defendant concedes. He gives no evidence to negative that proposition. But he goes on to show that, in addition to such sale and delivery, there was a further contract made by the plaintiff, to wit, a guaranty that the separator would do certain work, and also to show that it would not do such work; and hence he claimed that he had the right to return it, and repudiate the sale. Clearly, this is another and distinct proposition. The existence of an additional contract and its breach must be established before the consideration of the check is at all challenged or impeached; and clearly, within the rule above cited, the burden of establishing that rests with the defendant. The cases cited upon this question by the respondent's counsel are not in conflict with this conclusion. The charge, therefore, was erroneous, and for that reason the judgment must be reversed.

Judgment and order reversed, and new trial granted; costs to abide the event. All concur, except HERRICK, J., dissenting.